IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-01793-JLK-KLM

SCOTSMAN INDUSTRIES, INC.; and
MILE HIGH EQUIPMENT, LLC,

                    Plaintiffs,

v.

JOHN A. BROADBENT,

                    Defendant.

---

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.    In this action, it is expected that at least one of the Parties will seek Confidential Information (as defined in paragraph 2 below) in written and/or document discovery and that there will be questioning concerning Confidential Information in the course of depositions and/or trial. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.     "Confidential Information" means any information, document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties or by a producing third party in the manner provided in paragraph 3 below as either "Confidential" or "Confidential – Restricted." Information designated "Confidential" and information designated "Confidential – Restricted" hereunder are together referred to herein as "Confidential Information." *Information that one or both parties expect to be designated hereunder include:* research and development information; product designs, drawings, sketches, photos, videos and specifications (including of a party's products, a competitor's products, and/or products in the conceptualization or other development phases); product development and testing information; the names and other contact information for customers and/or sources of supply; manufacturing information; product quality information; information about acquisition or strategic alliance prospects; costs and profitability data and analyses; other financial data and information; and business plans and strategies; which information is not generally known to the public and which would be useful for a producing party's competitor(s) to know by, for example, enabling those competitors to avoid research and development costs, know about and anticipate the producing party's plans and other strategies, more effectively respond to those plans and strategies, and/or otherwise provide a benefit or advantage in competing with the producing party.

2

3.     A party may designate information as "Confidential – Restricted" only if the information is or reflects trade secrets or other confidential research, development or other commercial information, the disclosure of which would be particularly sensitive even if made subject to the imposition of and obligation of confidentiality upon the receiving party in this proceeding, e.g., because the receiving party may obtain economic value from knowing such information.

4.     Where Confidential Information is produced, provided or otherwise disclosed in discovery, it will be designated in the following manner:

    a.     By imprinting the word "Confidential" or "Confidential – Restricted" on the first page or cover of any document produced;

    b.     By imprinting the word "Confidential" or "Confidential – Restricted" next to or above any response to a discovery request; and

    c.     With respect to deposition testimony, by a statement on the record by counsel at the time of the deposition that identifies portions of such testimony as "Confidential" or "Confidential – Restricted," or by giving written notice to opposing counsel and the court reporter, designating such portions as "Confidential" or "Confidential – Restricted" no later than ten calendar days after receipt of the transcribed testimony, or, if counsel has not ordered a transcript, no later than ten calendar days after the date that the court reporter notifies all counsel of record that the original transcript is available for review. All information disclosed at a deposition shall be treated by all parties as "Confidential – Restricted" until the expiration of the designation period.

5.     All information designated as "Confidential" hereunder shall be used only for the purpose of this litigation and shall be disclosed only to the following;

    a.     Other parties to this action, including any employees of a party, except that disclosure to such parties shall be made only if, and to the extent, necessary for the conduct of this litigation;

    b.     Inside and outside counsel to either of the parties to this action and such of their employees, agents and outside vendors who are engaged in the evaluation, preparation, prosecution and/or defense of this action;

c.      Any judicial officer of the court referenced above, any court to which this action might be transferred, and any appellate court; and any clerks and court reporters and members of the staff of such court, as that court deems appropriate;

d.      The reporter transcribing a deposition involving documents designated as "Confidential" or Confidential – Restricted," and those persons, if any, specifically engaged by counsel for the limited purpose of making copies of documents, provided that such individuals sign the agreement attached hereto as Exhibit A;

e.      Any non-party (i.e., not currently employed or engaged by or otherwise associated with any party) consultants or experts specially retained to assist counsel for a party in the preparation and/or evaluation of the prosecution and/or defense of this action who have signed the form agreement attached hereto as Exhibit A and as to whom no unresolved objection has been made after 10 days' written notice of their identity, affiliation and address;

f.      Any other person as to whom the parties in writing agree; and

g.      Legal counsel of record.

6.      All information designated as "Confidential – Restricted" shall be used only for the purpose of this litigation and shall be disclosed only to the persons described in paragraphs 4(b), (c), (d), (e), (f), and (g) above.

7.      Individuals authorized by the foregoing paragraphs to review a particular piece of Confidential Information shall hold that Confidential Information in confidence and shall not divulge any portion of it, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8.      The Party's counsel who discloses (if and as allowed by this Order) Confidential Information received from another party or a third party hereunder shall be responsible for assuring compliance with the terms of this Protective Order by all persons to whom such disclosure is made and shall obtain and retain the original affidavits signed by qualified recipients of Confidential

Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9.      Nothing herein shall prohibit a party's right to inquire about or show "Confidential" or "Confidential – Restricted" information to a deponent, consistent with the requirements of this Order, if it is established at the deposition or is apparent on the face of the document that the deponent created, sent or received the document, and provided that if the deponent is not an employee of a party, s/he shall sign a copy of the Agreement attached to this Order as Exhibit A.

10.     During the pendency of this action, opposing counsel may, upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to the above paragraph 8 upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

11.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation, and such copies shall be made and handled only for purposes of this litigation and only if and as allowed by this Order.

12.     During the pendency of this litigation, only counsel and the other individuals listed in paragraph 5(b) through (g) may have custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above, provided that they are in compliance with the other requirements of this Order.

13.     If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific

5

grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be ~~filed~~ *made pursuant to MJ Mix's discovery procedures* within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. Nothing in this Order, the fact that the parties entered into this Stipulation,   no party's designation of information or materials as "Confidential Information," and/or "Confidential Restricted," and no failure of a party to object to the designation of information or materials as "Confidential Information" shall be construed as binding against a party on the issue of whether certain information or materials is or is not confidential, proprietary or a  trade secret for purposes of the substantive claims and defenses in this case.

14.     Use of Confidential Information in Court Proceedings:

A.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  To the extent possible, information designated as "Confidential" or "Confidential – Restricted" shall not be included in the text of motions, briefs or pleadings, but will be confined to exhibits, such exhibits to be filed only under seal with leave of Court. If it is necessary to include "Confidential" or "Confidential—Restricted" information in the text of a motion, brief or pleading, a party who wishes to do so shall file that motion, brief or pleading only under seal with leave of Court. No materials – including briefs, pleadings and exhibits – will be accepted for filing "under seal" or otherwise kept out of the public record in this action except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to

6

file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

B. Before any material labeled "Confidential Information" and/or "Confidential Restricted" pursuant to this Order is published to the jury at trial, either: (1) such label shall be redacted from the jury's view; or (2) if such redaction is unreasonably burdensome as determined by the Court, then the jury shall be instructed by the Court that the label was placed for purposes of discovery/pre-trial matters between the parties and is not to be construed by the jury as evidence of the confidential, proprietary or trade secret status of the material or information therein.

15.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16.    By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

17.    Upon termination of this litigation, including any appeals: (i) each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, and (ii) to the extent that the receiving party has incorporated a designating party's Confidential Information into attorney work product, such materials may be destroyed by the receiving party,

rather than returned. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 8 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

18.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

19.     The inadvertent or unintentional disclosure in connection with this litigation of documents or information as to which a party asserts a claim of privilege (including attorney-client privilege), attorney work product protection, or confidentiality ("confidentiality" as used in this paragraph refers to any claim that the document or information is appropriate for designation as "Confidential" or "Confidential -- Restricted"), produced or otherwise disclosed after the effective date of this Protective Order, regardless of whether the information was so designated at the time of disclosure (hereinafter "Inadvertently Disclosed Information"), shall not constitute and shall not be deemed a waiver or forfeiture, in whole or in part, of any claim of confidentiality, privilege, or attorney work product protection that the disclosing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter, provided that the party asserting the claim of confidentiality, privilege, or attorney work product protection informs the opposing party of its claim within a reasonable time after learning of the disclosure.

20.     Within seven (7) days following notification by the designating party of its inadvertent disclosure of the Inadvertently Disclosed Information that is subject to a claim of privilege or attorney

work product protection, such information (including all copies and all derivative works) shall be returned to the designating party or destroyed, a written certification of destruction and/or return shall be provided to the producing party, and none of the Inadvertently Disclosed Information or derivative works shall be disclosed or used for any purpose. Within seven (7) days following the written certification of return and/or destruction of the Inadvertently Disclosed Information that is subject to a claimed privilege, the disclosing party shall produce a privilege log with respect to that information.

21.     Nothing herein shall prevent or preclude the receiving party from asking the Court for an Order compelling production of Inadvertently Disclosed Information as to which a claim of privilege or work product protection has been asserted. *pursuant to MJ Mix's discovery procedures.* The disclosing party retains the burden of establishing the privileged or otherwise protected nature of the information at issue. Nothing herein shall limit the right of any party to petition the Court for an in camera review of the Inadvertently Disclosed Information.

Dated at Denver, Colorado, this *17* day of *July*, 2012.

BY THE COURT:

~~JOHN L. KANE, SENIOR JUDGE~~
~~UNITED STATES DISTRICT COURT~~

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**STIPULATED AND AGREED TO:**

Scotsman Industries, Inc. and Mile High
Equipment, LLC.
Parties

Kevin J. Byrne
Linda K. Stevens
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois  60606
312-258-5600

Nina Y. Wang
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado  80203-4532
303-607-3500
Counsel

John A. Broadbent
Party

Michael G. Bohn
1670 Broadway
Suite 3000
Denver, Colorado  80202
303-832-2494
Counsel

10

**EXHIBIT A**

**AFFIDAVIT**

STATE OF COLORADO          )
                          )   ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

     1.    I have read the Protective Order dated _____ andentered in Scotsman Industries, Inc. and Mile High Equipment, LLC v. Broadbent, No. 11-CV-01793-JLK-KLM, a copy of which is attached to this Affidavit.

     2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

     3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

     4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

     5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (____)_____

11

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2012, by _____.

WITNESS my hand and official seal.

_____
Notary Public

[S E A L]

My Commission Expires: ____

12