IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01793-JLK-KLM

SCOTSMAN INDUSTRIES, INC., and
MILE HIGH EQUIPMENT LLC,

      Plaintiffs and Counter Defendants,

v.

JOHN A. BROADBENT,

      Defendant and Counter Claimant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Compel Discovery Responses from Defendant** [Docket No. 38; Filed July 13, 2012] (the "Motion"). Defendant filed a **Response in Opposition to Plaintiffs' Motion to Compel Discovery Responses from Defendant** [Docket No. 40; Filed August 3, 2012] (the "Response"), and Plaintiffs filed a **Reply Brief in Support of Motion to Compel Discovery Responses from Defendant** [Docket No. 41; Filed August 17, 2012] (the "Reply"). The Motion is thus ripe for review.

**A.     BACKGROUND**

This matter pertains to allegations that Defendant, shortly before resigning from his employment with Plaintiffs, downloaded electronic files containing confidential information without Plaintiffs' authorization. *Complaint* [#1] at 1. Plaintiffs allege that Defendant made false and misleading statements that he had returned all company materials and had not

retained any such materials. *Id.* at 6.  Plaintiffs further allege that Defendant retained the

electronic files for the purpose of engaging in work with others in the same industry,

including Plaintiffs' competitors. *Id.* at 5, 12.

The Motion seeks an order compelling Defendant to respond to three discovery

requests, two interrogatories and one request for production, served on him on May 21,

2012.  The discovery requests at issue, and Defendant's objections, are as follows:

> Plaintiffs' Interrogatory No. 6: Identify and describe all tasks and engagements that you have performed (other than for Plaintiffs) since December 1, 2010 relating to Ice Technology and/or Equipment, including the intervention, conception, design, development, testing, manufacture, marketing, promotion or sale of such technology or equipment.

> Defendant's Objections to Interrogatory No. 6: Defendant objects to the discovery request as being vague, ambiguous, overly broad and unduly burdensome.  Defendant also objects to this request to the extent it seeks information confidential to non-parties.  Moreover, Defendant is subject to written confidentiality agreement(s) which prohibit the disclosure of information requested by this interrogatory.  Finally, Defendant objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

> Plaintiffs' Interrogatory No. 7: Identify each person and entity (other than for Plaintiffs) who has employed, engaged or utilized you (either directly or indirectly, e.g., through an entity by which you are or have been employed or otherwise engaged) to perform, or for whose benefit you have performed any work or other services relating to Ice Technology and/or Equipment since December 1, 2010, and for each state the nature of your engagement, the nature of the work or other services you provided, and the time period during which you performed such work or services.

> Defendant's Objections to Interrogatory No. 7: Defendant objects to the discovery request as being vague, ambiguous, overly broad and unduly burdensome.  Moreover, Defendant is subject to written confidentiality agreement(s) which prohibit the disclosure of information requested by this interrogatory.  Finally, Defendant objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

<u>Plaintiffs' Request for Production No. 5</u>: All documents regarding any employment, task, or engagement that you undertook, or that you communicated about the possibility of undertaking, either directly or indirectly (e.g., through an entity by which you are or were employed or otherwise engaged), for anyone other than Plaintiffs since June 1, 2010 relating to Ice Machine Technology and/or Equipment.

<u>Defendant's Objections to Request for Production No. 5</u>: Defendant objects to the discovery request as being vague, ambiguous, overly broad and unduly burdensome.  Defendant also objects to this request to the extent it seeks information confidential to non-parties.   Moreover, Defendant is subject to written confidentiality agreement(s) which prohibit the disclosure of information requested by this interrogatory.  Finally, Defendant objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

**B.    ARGUMENT AND ANALYSIS**

Plaintiffs argue that discovery regarding Defendant's work in the ice equipment and technology field since his employment with Plaintiffs, and the identities of those who have retained him to perform such work, is relevant to their claims and reasonably calculated to lead to the discovery of admissible evidence.  They contend that the requested discovery is necessary to determine the extent to which Defendant disclosed to others the copied files or any confidential information contained therein.  They argue the discovery would also help determine whether Defendant is using such information to perform work for others in the ice equipment and technology business.

Defendant argues in response that he is not subject to a non-compete covenant or related post-employment restrictions.  He contends that this case is not about his post-employment activities and thus any requests for information about such activities are beyond the scope of permissible discovery.  He also claims the discovery is not relevant because in another interrogatory, he responded that he had not provided any of the copied files to any person or entity.  Defendant further argues that pursuant to the terms of a

written consulting services agreement, he is prohibited from disclosing the information Plaintiffs are requesting.

Generally, the test for allowing discovery of information or documents is whether the information "is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced. *See* Fed. R. Civ. P. 26(b)(1). However, where the burden of producing relevant discovery outweighs the likely benefit, the Court has discretion to limit the discovery requested. Fed. R. Civ. P. 26(b)(2)(C); *see Qwest Commc'ns Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

The objecting party bears the burden to show why a discovery request is objectionable, and that burden cannot be sustained merely by asserting "boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonninno v Univ. of Kan. Hosp. Auth.,* 221 F.R.D. 661, 670

(D.Kan.2004).  The court will consider objections that have been addressed in response to the motion, but will deem as abandoned any objections initially raised but not relied on in response to the motion.  Id. (citing *Cotracom Commodity Trading Co. v. Seaboard Corporation*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

Here, the only objections Defendant relies on in response to the Motion are that the discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and that a confidentiality agreement with his clients prohibits him from disclosing the information.  In response to the discovery requests themselves, Defendant also objected on grounds that the requests are vague, ambiguous, overly broad and unduly burdensome.  Because Defendant has failed to argue those objections in response to the Motion, the Court finds them to be abandoned and will not consider them.

Regarding the question of relevance, the Court finds that Plaintiffs' discovery requests are relevant to their claims.  Plaintiffs raise several allegations in their complaint pertaining to Defendant's unauthorized retention and use of company files.  In Count I, where Plaintiffs allege a violation of the Computer Fraud and Abuse Act pursuant to 18 U.S.C. § 1030, they contend that he used a company computer to download confidential information for use in his post-employment activities.  *Complaint* [#1] at 4.  In Count II, Plaintiffs allege a breach of two confidentiality agreements in which Defendant agreed not to communicate or disclose any confidential information acquired during the period of his employment.  *Id.* at 11.  In Count III, Plaintiffs allege a breach of fiduciary duty and duty of loyalty based on Defendant's alleged improper acquisition of company files.  *Id.* at 12.  Lastly, in County IV, Plaintiffs allege misappropriation of trade secrets based on Defendant's alleged improper downloading and retention of company files for his post-

5

employment use. *Id.* at 13. Thus, Plaintiffs' discovery requests regarding Defendant's post-employment activities are clearly relevant to the claims alleged in their complaint.

Defendant's contention that the requests are not relevant because he already answered in a separate interrogatory that he has not disclosed the copied files to anyone, does not change the Court's conclusion. Plaintiffs are not required to simply accept Defendant's conclusory assertion without further inquiry. Plaintiffs must be allowed to challenge the accuracy of Defendant's assertions through further discovery. Accordingly, Defendant's objection that the claims are not relevant or reasonably calculated to lead to the discovery of admissible evidence is overruled.

Likewise, Defendant's objection based on a confidentiality provision in a consulting services agreement between him and his clients is overruled. Plaintiffs and Defendant submitted a Stipulated Protective Order [#37] that the Court adopted (with minor modifications) and issued on July 6, 2012. As Plaintiffs point out in the Reply, the discovery requests at issue were served before Defendant stipulated to the Protective Order. Moreover, the strict terms of the Protective Order will adequately protect any sensitive information about which Defendant has concerns. *See E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 426, 430 (D. Kan. 2007) (confidentiality objection overruled where entry of protective order would appropriately safeguard any potential for harm from disclosure of sensitive information).

## C.    PAYMENT OF EXPENSES

Lastly, Plaintiffs seek an order pursuant to Fed. R. Civ. P. 37(a)(5)(A) requiring Defendant to pay the reasonable expenses they incurred in bringing the motion. The rule provides that "the court must, after giving an opportunity to be heard, require the party or

deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Payment "must not" be ordered if the motion was filed before the movant made a good faith attempt to obtain the discovery without court action, the opposing party's objection was substantially justified, or other circumstances make an award of expenses unjust. *Id.*

Here, Plaintiffs made sufficient good faith attempts to obtain the discovery without court action. Additionally, as explained above, Defendant's objections are not substantially justified. Nor has Defendant presented circumstances that make an award of expenses unjust. Accordingly, Plaintiffs are entitled to their reasonable expenses.

IT IS HEREBY **ORDERED** that the Motion [#38] is **GRANTED**; Defendant shall respond to the two interrogatories and the request for production of documents on or before **September 20, 2012**.

IT IS FURTHER **ORDERED** that Plaintiffs are entitled to their reasonable costs and fees incurred to adjudicate the Motion. On or before **September 25, 2012,** Plaintiffs shall file affidavits and information in compliance with D.C.COLO.LCivR 54.3 regarding the reasonable expenses incurred in bringing the motion. No motion shall be necessary. Defendant shall file a response, if any, with **ten (10) days** of Plaintiffs' submissions. **No reply shall be permitted**.

Dated: September 6, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

7